We have been supplied with no brief for the appellant.

The statement of the evidence heard in the trial court is not brought up for review. We find no bills of exception in the record.

Several matters are presented in the motion for new trial. However, they cannot be appraised in the absence of a statement of the facts heard upon the trial. Several special charges presented by the appellant were given by the court.

We perceive in the record no adequate reason for ordering a reversal of the judgment. It is therefore affirmed.

## Dave WALDEN v. STATE.
### No. 16050.

Court of Criminal Appeals of Texas.
Nov. 1, 1933.

Kirby, King & Overshiner, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, three years in the penitentiary.

We find in the record an affidavit made by appellant in due form asking for a dismissal of his appeal. The request is granted. The appeal is dismissed.

## R. G. WILKERSON v. STATE.
### No. 16240.

Court of Criminal Appeals of Texas.
Nov. 1, 1933.

Davis & Davis, of Haskell, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

Burglary is the offense; penalty assessed at confinement in the penitentiary for two years.

The record is before us without statement of facts and bills of exception.

No fault or irregularity has been pointed out or perceived which would require discussion or authorize a reversal.

The judgment is affirmed.

## Raymond CARR, Appellant, v. H. B. BALDWIN, Trustee, Appellee.
### No. 9325.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 18, 1933.

Rehearing Denied Nov. 22, 1933.

John J. Pichinson, of Corpus Christi, for appellant.

John C. North, of Corpus Christi, for appellee.

PER CURIAM.

Appellant herein sued to enjoin the appellees from selling real estate under the power of sale stipulated in a certain deed of trust.

Appellant based his petition upon the provisions of the so-called Moratorium Law,

which is House Bill No. 231 (c. 102), passed by the Regular Session of the 43d Legislature (Vernon's Ann. Civ. St. art. 2218b).

This court has very recently decided, in the case of Malachy Murphy v. E. O. Phillips et al., 63 S.W.(2d) 404, that House Bill No. 231, is unconstitutional and void, wherein it attempts to stay trustee sales of real estate provided for in deeds of trust.

For the reasons therein stated, we are of the opinion that the trial judge properly refused the injunction herein prayed for by appellant.

The temporary injunction heretofore granted by this court will be, in all things, dissolved.

The judgment is affirmed.